IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BALTIMORE GAS AND ELECTRIC COMPANY**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 1:24-1467-RDB |
| **RAND CONSTRUCTION COMPANY**, | * | |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| **AEGIS MECHANICAL CORPORATION**, | * | |
| Third-Party Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Before the Court is Defendant rand* Construction Company's ("Defendant's") Motion to Stay Discovery ("Motion to Stay") pending resolution of Plaintiffs Baltimore Gas and Electric Company, Exelon Business Services Company, LLC, and Exelon Corporation's (collectively, "Plaintiffs'") Motion for Judgment on the Pleadings ("Plaintiffs' Motion"). On September 11, 2024, Judge Bennett, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, referred this case to me for "[a]ll discovery and related scheduling matters." ECF 37. On September 24, 2024, I held a hearing by telephone conference with counsel for the parties. This opinion memorializes and elaborates on the rulings I issued at the conclusion of the hearing. For the reasons stated during the telephone conference and below, Defendant's Motion is GRANTED, and discovery is STAYED pending resolution of Plaintiffs' Motion. If the Court denies

Plaintiffs' Motion and this action remains pending, the parties are DIRECTED to contact the Court within fourteen (14) days to propose a new scheduling order and to request that the Court lift the stay.

## I.    BACKGROUND

On May 20, 2024, Plaintiffs filed this declaratory judgment action against Defendant, alleging that Defendant is obligated to indemnify and defend Plaintiffs in a series of lawsuits currently pending in the Circuit Court for Baltimore City.  Compl. at ¶ 1-2, ECF 1.  Plaintiffs claim that Defendant's obligation arises from a contractual agreement between the parties.  *Id*.; *see also* Compl. Ex. 1, ECF 1-1.  The state court actions involve at least eight lawsuits in which individuals and entities are suing Plaintiffs for damages resulting from an explosion inside a commercial building (the "State Court Actions").  Compl. at ¶ 1.  On July 3, 2024, Defendant answered Plaintiffs' complaint.[1]  A Scheduling Order issued on July 10, 2024.  ECFs 14, 19.  That same day, Plaintiffs filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF 20.  In their Motion, Plaintiffs argued that there are no material issues of fact and they are entitled to judgment as a matter of law.  *See generally id.*  In a contemporaneously filed Motion for Speedy Hearing, Plaintiffs reiterated that this dispute is only legal, not factual: it advised the Court that "this action pertains solely to matters of law."  ECF 21-1, at 4.  Defendant, in addition to denying its obligation to indemnify and defend, argued that the dispute is not ripe or justiciable and, alternatively, even if it were, the Court should not

---

[1] Pursuant to the Federal Rules of Civil Procedure, Defendant's responsive pleading was due June 12, 2024.  The parties stipulated to an extension of that deadline on the condition that Defendant file only an answer and not a "preliminary motion."  ECF 10.

exercise jurisdiction over the matter for prudential reasons.  ECF 28.  Plaintiffs filed their reply on August 7, 2024.  ECF 32.

A similar series of events, this time with Defendant seeking affirmative relief, commenced shortly after Plaintiffs filed their Motion for Judgment on the Pleadings.  On July 17, 2024, Defendant filed a third-party complaint against Third-Party Defendant Aegis Mechanical Corporation ("Aegis"), seeking a declaratory judgment that Aegis is obligated to indemnify and defend Defendant and Plaintiffs in the State Court Actions.  ECF 22.  Defendant alleged that a subcontractor agreement with Aegis supports its demand.  *Id.* at 3.  In response to the third-party complaint, Aegis moved to dismiss for lack of jurisdiction and to strike the third-party complaint.  ECF 34.  Echoing Defendant's response to Plaintiffs, Aegis argued that the Court lacks subject matter jurisdiction and, even if subject matter jurisdiction existed, the Court should decline jurisdiction on prudential grounds.  *Id.* at 1.  The Aegis motions became ripe earlier this month, with Defendant's opposition filed on September 5, 2024 and the reply filed on September 17, 2024.  ECFs 36, 39.  Plaintiffs also filed a response to Defendant's opposition to the Aegis motions.  ECF 38.

According to the parties, on September 6, 2024, Plaintiffs served 131 written discovery requests, comprising interrogatories, requests for production of documents, and requests for admissions, on Defendant, and requested a Rule 30(b)(6) deposition.  Counsel for Defendant represents that she did not receive the discovery requests until after 5:00 pm that day—a Friday—and discussed the matter with her client beginning the following Monday, September 9, 2024.  Between September 9 and September 11, 2024, Defendant proposed to Plaintiffs a discovery stay pending resolution of Plaintiffs' Motion.  These discussions did not yield an agreement.  As a result, on September 11, 2024, pursuant to Judge Bennett's Informal Discovery

3

Letter, ECF 19-1, Defendant contacted the Court to request a discovery stay pending resolution of Plaintiffs' Motion. On September 13, 2024, I contacted the parties to schedule a telephone conference. The parties, including Aegis, elected September 24, 2024. On September 23, 2024, the parties submitted to me brief letters as required by the Informal Discovery Letter.

On September 24, 2024, I held a telephone conference with the parties. Defendant moved for a stay of discovery arguing that the pending motions may obviate the need for discovery and that such discovery, if allowed, would be an inefficient and unnecessary use of resources if the ruling on Plaintiffs' Motion resolves the case. Aegis joined Defendant's request, emphasizing that two potentially dispositive motions affect it, and that the current Scheduling Order does not account for its participation in (potentially unnecessary) discovery. Plaintiffs opposed any stay. They maintained that Defendant's request is untimely and, even if timely, fails to demonstrate good cause to modify the Scheduling Order. Plaintiffs' counsel averred that the discovery requests were "basic" and not unexpected, and implied that this request is the latest in a series of bad faith and/or delay tactics since this dispute arose. After hearing from the parties, I granted Defendant's Motion to Stay, explained my reasoning, and advised that a written order would follow.

**II.    LEGAL STANDARD**

It is axiomatic that "[d]istrict courts enjoy substantial discretion in managing discovery[.]" *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). As a general matter, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants." *Maryland v. Univ. Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Courts within the Fourth Circuit recognize that Federal Rule of Civil Procedure 26(c) confers authority and discretion to stay discovery pending the resolution of dispositive motions. *Wymes v. Lustbader*, No. 10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012); *Sheehan v. United States*, No. 11-170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003))). Under Rule 26(c), the movant must demonstrate "good cause" to "protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). This requires not merely "stereotyped and conclusory statements" but "particular and specific demonstrations of fact as to why a protective order staying discovery should issue." *Wymes*, 2012 WL 1819836, at *3 (internal quotation marks, alterations, and citations omitted). The good cause requirement "creates a rather high hurdle for [the movant]," *id.*, yet courts enjoy broad discretion in deciding whether to grant or deny a motion to stay discovery. *Id.* (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)).

**III. ANALYSIS**

Based on the nature of the dispute and the current procedural posture, I find good cause to grant Defendant's Motion and stay discovery pending the resolution of Plaintiffs' Motion. As an initial matter, I find Federal Rule of Civil Procedure 26(c) as the appropriate basis for this

request.[2]  *See Wymes*, 2012 WL 1819836, at *3.  Therefore, Defendant (and Aegis, as it can be fairly construed as a co-movant) must clear the hurdle of "good cause" under Rule 26(c).

The Court finds that good cause exists here for multiple reasons.  The pendency of two fully dispositive motions—one of which was filed by Plaintiffs the same day Defendant answered the allegations—could be enough on its own.  As Judge Grimm observed in *Wymes*, "it is not uncommon" for courts to stay discovery pending resolution of dispositive motions.  2012 WL 1819836, at *4 (citations omitted).  Several judges in this District have done so.  *See* Letter Order, *Johnson v. Duncan*, No. 15-1820-GJH (D. Md. May 19, 2016), ECF 39 ("Because Defendants will file a motion on an issue that may be dispositive in this case, a stay of discovery is warranted."); *Cognate BioServices, Inc. v. Smith*, No. WDQ-13-1797, 2015 WL 5673067, at *4-5 (D. Md. Sept. 23, 2015) (Sullivan, M.J.) (staying discovery until resolution of a pending motion to dismiss); Letter Order, *Doodson Ins. Brokerage of TX, LLC v. Indem. Ins. Corp., RRG*, No. 12-1606-WDQ (D. Md. Jan. 7, 2013), ECF 68 (granting a motion for protective order as to discovery not yet due and noticed depositions).  Other courts in this Circuit have stayed discovery during the pendency of a motion for judgment on the pleadings.  *See, e.g.*, *Silva v. Connected Invs., Inc.*, No. 21-74-BO, 2021 WL 4222592, at *1-2 (E.D.N.C. Sept. 16, 2021); *Rowe v. Citibank N.A.*, No. 13-21369, 2015 WL 1781559, at *1-2 (S.D. W. Va. Apr. 17, 2015); *Biricik v. Zwifelhofer*, No. 14-00067-BR, 2014 WL 12774812, at *1-2 (E.D.N.C. June 9, 2014); *EQT Corp. v. Miller*, No. 11CV197, 2012 WL 13018878, at *1-2 (N.D. W. Va. July 16, 2012); *McMillan v. N.C. Cent. Prison*, No. 10-CT-3037-FL, 2011 WL 4433816, at *1-2 (E.D.N.C. Sept.

---

[2] The parties agree that Defendant's request is a motion to stay discovery.  One of Plaintiffs' arguments is that the request violates Judge Bennett's Scheduling Order.  However, as Judge Grimm articulated in *Wymes*, motions to stay discovery in this context are not requests to modify scheduling orders pursuant to Federal Rule of Civil Procedure 16(b)(4); rather, they are governed by Rule 26(c).  2012 WL 1819836, at *3-4.

22, 2011). Therefore, while it is true that not every Rule 12 motion warrants a stay, *Wymes*, 2012 WL 1819836, at *4, *4 n.9, a motion that may resolve the entire action, or be fully dispositive as to at least one litigant, favors a stay.

To that point, I emphasize that I rely not on the mere fact of pending motions but the fact that resolution of Plaintiffs' Motion may fully dispose of the case. Of the three potential outcomes that I can see, two of them disfavor Plaintiffs' request to proceed with discovery because discovery would be unnecessary to this case. First, if the Court grants Plaintiffs' Motion, it will enter judgment for Plaintiffs, with the implicit finding that no material facts need to be developed in discovery. Second, if it finds jurisdiction lacking, the Court will dismiss the case. Third, if the Court denies Plaintiffs' Motion yet finds Article III jurisdiction exists and exercises its discretion to hear the case, this action will proceed beyond the motion.

As a football player, coach, or historian would know, "three things can happen when you pass the ball, and two of them are bad."[3] That is, the risks in passing (as opposed to running) the football may counsel against doing so. In this case, I find that two of the three discernable outcomes being fully dispositive counsels against requiring discovery at this time. Therefore, allowing the parties to proceed with discovery—in a matter that Plaintiffs agree can be resolved without it—may cause unnecessary and inefficient use of resources by the parties and the Court.

The Court's conviction on this point is strengthened by contentions that the Court lacks or should decline jurisdiction over the case. Multiple parties challenging the Court's authority to hear the case weighs in favor of granting Defendant's Motion, so the Court may avoid presiding over matters that it cannot hear.[4] *Sheehan*, 2012 WL 1142709, at *2; *see also Thigpen v. United*

---

[3] A football adage attributed to former coach Woody Hayes.

[4] In response to Plaintiffs' Rule 12(c) Motion, Defendant invokes ripeness and justiciability doctrines. ECF 28. Plaintiffs' counsel characterized these not as subject matter jurisdiction

7

*States*, 800 F.2d 393, 396-97 (4th Cir. 1986) (finding no error where the district court stayed discovery pending resolution of a Rule 12(b)(1) motion).

The Court also finds good cause due to the absence of undue burden or prejudice from the stay. Again, Plaintiffs, not Defendant or Aegis, moved swiftly for judgment on the pleadings. Waiting for discovery hardly seems prejudicial. This case does not have a trial date. The parties never scheduled a date for Defendant's 30(b)(6) deposition. The State Court Actions are currently in progress, and Plaintiffs' counsel advised that he is counsel in those actions. Counsel's involvement in those actions allays any concerns that a stay might lead to unnecessary or duplicative expenses associated with counsel "reacquaint[ing] themselves with the case once the stay is lifted." *Wymes*, 2012 WL 1819836, at *6 (quoting *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988)).

Plaintiffs' arguments imply, if not more, that Defendant's request is in bad faith or otherwise designed to delay resolution. I disagree. As a procedural matter, Defendant complied with the required procedures for "timely, efficient, and inexpensive resolution of discovery disputes." ECF 19-1, at 1 (requiring the parties to follow certain procedures prior to filing discovery-related motions). Within five days of receiving Plaintiffs' discovery request—allegedly provided after close of business on a Friday—Defendant contacted the Court to request to stay discovery pending resolution of Plaintiffs' Motion. The parties then scheduled a

---

challenges but as "quasi-subject matter" issues. Notwithstanding the oddity of this phrasing when subject matter jurisdiction "is usually thought of in binary terms" because "[i]t exists or it does not," *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492 (7th Cir. 2011), I note that there is some uncertainty whether these concerns in indemnity actions raise Article III jurisdiction issues. *See Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199-201 (4th Cir. 2019). However, a jurisdictional question has been presented to the Court, may be dispositive, and, perhaps most importantly, arises in a case where Plaintiffs assert repeatedly that resolution of their claim does not require facts beyond those already in the record.

conference, provided brief letters, and attended the conference. Nothing about proceeding in that manner, when this appears to be the first instance where either party requested discovery from the other, suggests bad faith or improper delay of resolving this issue. Even if it is later determined that a party acted improperly or in bad faith in this litigation, there remain other avenues for aggrieved parties to seek relief or remediation; discovery at this time is not the appropriate solution.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED, and discovery is STAYED pending resolution of Plaintiffs' Motion. If the Court denies Plaintiffs' Motion and this action remains pending, the parties are DIRECTED to contact the Court within fourteen (14) days to propose a new scheduling order and to request that the Court lift the stay.


Date: September 30, 2024

/S/<br>
Charles D. Austin<br>
United States Magistrate Judge